IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
JAN 30 2018
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:18-mj-40 |
| v. | ) | |
| | ) | |
| ZAKARIA TAOUFIK | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Gregory L. Derricote II, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I Gregory L. Derricote II have been employed as an Officer with United States Customs and Border Protection ("CBP") for over ten years. Since August 2014, I have been assigned to the FBI Joint Terrorism Task Force under the Washington Field Office where I am assigned as an Airport Liaison Agent, where I investigate violations of federal law which occur in the airport environment and onboard aircraft.

2. This statement of probable cause is in support of a criminal complaint against and arrest warrant for ZAKARIA TAOUFIK ("TAOUFIK") for violating Title 18, United States Code, Section 111, assaulting, resisting, or impeding federal officers. This violation occurred on January 19, 2018 while onboard Royal Air Maroc ("RAM") Flight 219 from Washington Dulles International Airport ("Dulles") to Casablanca, Morocco. At the time of the violation, the

1

aircraft was grounded at Dulles in Loudoun County, Virginia, which is within the Eastern District of Virginia.

3.  The facts and information contained in this affidavit are based upon my training and experience, participation in investigations, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and arrest warrant and does not set forth all of my knowledge about this matter.

## BACKGROUND

4.  Title 18, United States Code, Section 111 provides, in part, that "[w]hoever forcibly, assaults, resist, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; shall, [...] where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years or both."

5.  As explained below, I submit that there is probable cause that TAOUFIK violated Title 18, United States Code, Section 111, by forcibly assaulting, resisting, and threatening the lives of federal officers while they were engaged in their official duties in attempting to execute his removal and departure from the United States.

## SUMMARY OF PROBABLE CAUSE

6.  On January 24 and 25, 2018, I interviewed victim/witness Supervisory Immigration and Customs Enforcement ("ICE") Enforcement Removal Officer Jeremy

Thompson, victim/witness ICE ERO Officer Bjorn Cupid, and victim/witness ICE ERO Officer Michael Donato concerning TAOUFIK's actions on January 19, 2018. On January 24, 2018, I received and reviewed a written statement from a witness, CBP Officer Jaouad Rhazouani, concerning TAOUFIK's actions on January 19, 2018.

7. On January 19, 2018 at Dulles, TAOUFIK was brought onto the jet way by Officers Thompson, Cupid, and Donato (together the "ICE ERO officers") in order to place him on RAM Flight 219 for his Immigration Judge-ordered departure from the United States to Morocco.

8. On the jet way, TAOUFIK spoke with the captain of RAM Flight 219 in Arabic. The conversation was overheard by Officer Rhazouani, an Arabic speaker. According to Officer Rhazouani, TAOUFIK told the captain that TAUOFIK had filed for asylum in the United States and that his case had been denied. TAOUFIK stated that ICE tried to deport him on an earlier date from Atlanta, Georgia but that he had convinced the pilot to deny his boarding. TAOUFIK claimed that he is HIV positive and that his life may be in danger if he returns to Morocco because TAOUFIK was an anti-government activist. TAOUFIK also stated that he would not allow ICE to take him to Morocco, he would fight hard, and he would make the flight uncomfortable for everyone. As the captain walked away, TAOUFIK kept shouting "don't let them take me on the flight."

9. JR warned the ICE ERO Officers that TAOUFIK had told the captain that he refused to go back to Morocco and, that if TAOUFIK was put on the aircraft, he said that he would fight.

10. Once onboard, TAOUFIK was escorted by the ICE ERO officers to the rear of the aircraft. While walking TAOUFIK back, he became verbally abusive towards the ICE ERO

officers by screaming and cursing at them. TAOUFIK was then buckled into his seat while still in physical restraints. TAOUFIK continued to be verbally abusive and threatening towards the ICE ERO Officers and the flight crew.

11. When other passengers started to board the aircraft, TAOUFIK began to bang his head against the onboard entertainment screen in front of him, shattering the screen. TAOUFIK screamed in English and in Arabic for passengers to record and take pictures. TAOUFIK was ultimately able to unbuckle his seat belt and began to rise out of his seat attempting to bite, kick, head-butt, and spit on the ICE ERO officers. TAOUFIK attempted several time to strike Officer Donato with his head.

12. Flight crew moved the other passengers away from disturbance as TAOUFIK continued to struggle and attempted to kick and head-butt the ICE ERO Officers. At no time during the struggle did the ICE ERO Officers strike TAOUFIK.

13. TAOUFIK then turned, looked directly at Officer Thompson, and spit in his face. Officer Thompson disengaged, retrieved a spit mask, and placed it onto TAOUFIK's head. Using arm control and pressure point techniques, Officers Cupid and Donato were able to gain control of TAOUFIK and secure him back into his seat.

14. While regaining control of TAOUFIK, Officer Cupid was struck by TAOUFIK when TAOUFIK spit in the face of the Officer Thompson.

15. Officers Thompson and Cupid are persons designated in Section 1114 of Title 18 of the U.S. Code as they are officers of ICE, within the Department of Homeland Security, an agency of the executive branch of the United States Government.

16. The struggle in the back of the aircraft lasted approximately 30 minutes. When the ICE ERO Officers were finally able to control TAOUFIK, the lead flight attendant and the

RAM station manager re-boarded the aircraft and notified the ICE ERO Officers that the captain had ordered TAOUFIK and the ICE ERO Officers off of the aircraft.

## CONCLUSION

17. Based on the aforementioned, there is probable cause that, on or about January 19, 2018, in Loudoun County, Virginia, within the Eastern District of Virginia, TAOUFIK violated Title 18, United States Code, Section 111 by forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Officers Thompson and Cupid, persons designated by 18 U.S.C. § 1114 as officers of an agency of the United Government, while they were engaged in the performance of their official duties.

Officer Gregory L. Derricote II
U.S. Department of Homeland Security
U.S. Customs and Border Protection

Sworn to and subscribed to before me
on January 30, 2017
/s/
Michael S. Nachmanoff
United States Magistrate Judge

The Honorable Michael S. Nachmanoff
United States Magistrate Judge