IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL No. 1:18CR00073 |
| v. ) | |
| ) | Sentencing Date: October 30, 2020 |
| Zakaria Taoufik ) | |
|     Defendant ) | The Honorable Claude M. Hilton |
| _____ ) | |

## POSITION OF THE DEFENSE
## WITH RESPECT TO SENTENCING FACTORS

In accordance with this Court's policy regarding guideline sentencing and §6A1.2 of the United States Sentencing Guidelines and Policy Statements, Counsel for the Defendant hereby represents that he and his client have reviewed the Probation Officer's report, this Court's previous sentencing order, and the Fourth Circuit's order remanding the case for re-sentencing.

The Defense disagrees with the government's guideline calculations and objects to the imposition of any enhancement to Count 2. Following the Defendant's appeal of his sentencing and the Fourth Circuit's unpublished opinion, the government argues that with the removal of the Dangerous Weapon enhancement Mr. Taoufik should still face an Offense Level Total of 23 and a Criminal History Category V, resulting in a Guideline Range of 84 – 96 months. Upon closer inspection, the Fourth Circuit's opinion obviates not just the Dangerous Weapon enhancement found in §2A2.2(b) but all of the enhancements pursuant to §2A2.2(B) and §3A1.2 as well. We respectfully argue that the correct Offense Level Total is 14, resulting in a Guideline Range of 33– 41 months.

Furthermore, the Defendant argues that the 18 U.S.C. §3553(a) factors suggest that the Court should consider sentencing him to time served; it is our position that the facts and

circumstances of Mr. Taoufik's criminal acts, his deteriorating health and the COVID crisis make even the time he has already served excessive. This Court certainly has discretion to order a variance if the Court does not believe that the Sentencing Guidelines provide for a fair sentence. *See, e.g., Spears v. United States, 555 U.S. 261 (2009); Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007); Pepper v. United States 131 S.Ct. 1229 (2011); Williams v. New York 337 U.S. 241 (1949)*, *United States v. Pauley, 511 F.3d 468 (4th Cir. 2007)*.

**The Fourth Circuit's Unpublished Opinion**

In the Fourth Circuit's unpublished opinion, two issues were considered on appeal – this Court's evidentiary ruling excluding any testimony regarding Mr. Taoufik's mental health, and this Court's application of a sentencing enhancement pursuant to U.S.S.G §2A2.2(b)(2)(B) for use of a dangerous weapon during an assault. The Fourth Circuit affirmed this Court's ruling on the mental health evidence and vacated Mr. Taoufik's sentence based on the lack of evidence to support the enhancement.

The government's argument, essentially, is that only the Dangerous Weapon enhancement was affected by the Fourth Circuit's holding. A closer reading, however, shows that the Court of Appeals expressly found that Mr. "Taoufik did not inflict any injuries, let alone serious injuries, on the officers by use of his teeth or his skull. In fact, as reflected by the record, Taoufik's actions attempting to bite and "head butt" the officers did not result in any physical contact with them." *See* Docket No. 116 at 11. Furthermore, the government cannot argue that merely being spit on is somehow a "bodily injury" after "conceding that 'the record contains no evidence about whether [Taoufik's] disease is transmissible via saliva.'" *Id,* at 9.

According to Judge Keenan's opinion, there is no evidence in the record to support any of the Specific Offense Characteristics and Victim Related Adjustment enhancements originally imposed by this Court.

**The Serious Bodily Injury Enhancement**

Having been convicted of Assaulting a Federal Officer, a crime that includes federal officers as victims, the Commission suggests a Base Offense Level of 14 pursuant to §2A2.2(a). We agree that this is the proper base offense level.

The government argues that this Court should impose a three-level enhancement pursuant to §2A2.2(B)(3)(a) because the victim sustained a bodily injury. As noted above, the Fourth Circuit expressly held that there is no evidence in the record of an injury to any of the officers involved in this case. Applying the clear error standard and examining its own precedents in the *United States v. Sturgis* and *United States v. Bryant* cases, the Court of Appeals examined the record and found that "Taoufik did not inflict *any* injuries, let alone serious injuries, on the officers." *See, e.g, United States v. Sturgis,* 48 F.3d 784 at 785-789 (4th Cir. 1995); *United States v. Bryant,* 949 F.3d 168 at 181-182 (4th Cir. 2020); Docket No. 116 at 11 (emphasis added).

We respectfully argue that the Fourth Circuit's finding that there is no evidence of an injury to any of the officers makes this enhancement impossible to apply.

**The Official Victim Enhancement**

In the original Pre-Sentence Report prepared in this case, the Probation Officer found that a six-level Victim-Related Adjustment was warranted because the conduct involved "a substantial risk of serious bodily injury." *See* Pre-Sentence Report ¶ 33. Originally, this finding was based on

either the notion that Mr. Taoufik's saliva was a dangerous weapon, an argument the government has since abandoned, or the possibility that his teeth and skull qualified as dangerous weapons, an argument the Fourth Circuit rejected. *See* Docket No. 116 at 9.

And yet the government still argues that this Court should assess a six-level enhancement pursuant to §3A1.2(c)(1) because the victims were government officers. We respectfully argue that this enhancement should not apply to Mr. Taoufik; not just because there is no factual basis to support its application, but because there is no statutory basis either. The Commission admits as much in the Application Notes to §2A2.2 – in Application Note 4, the Commission expressly states that §3A1.2 "also shall apply" when a defendant is convicted of 18 U.S.C. §111(b); something the government admits has not happened, conceding in their position that §111(b) does not apply. *See* Position of the United States at 4. While Mr. Taoufik was convicted of §111(a), the "Enhanced Penalty" described in §111(b) requires that a defendant use "a deadly or dangerous weapon….or inflicts bodily injury," two things Judge Keenan expressly held did not happen. *See* Docket No. 116 at 12.

The Commission notes in the Background information provided with §2A2.2(b)(7) that they included this double-counting scheme with the specific intent to implement a Congressional directive to "ensure punishment at or near the maximum penalty for *the most egregious conduct covered by 18 U.S.C. §111*" (emphasis added). The Commission expressly reserved that double-counting for those convicted of §111(b), rather than for any defendant convicted of any violation of §111.

In addition, the rule of lenity demands that the Court refrain from analogizing that any violation of §111(a) – let alone Mr. Taoufik's conduct – is "the most egregious conduct covered" by the statute. Congress created §111(b) to provide enhanced penalties for the most serious

offenses and offenders, and they included a definition that requires evidence the Court of Appeals could not find in the trial record. The Commission noted that this enhancement "shall also apply" to those who violate §111(b), something the Defendant did not do. Lenity thus demands that this enhancement does not apply in this case.

Furthermore, application of this enhancement without any evidence supporting the notion that Mr. Taoufik committed "the most egregious conduct covered by 18 U.S.C. §111" would mean that every defendant found guilty of any conduct covered by §111 could be subject to this enhancement. If all defendants could be subject to an enhancement, that enhancement merely serves to increase punishment in all cases rather than helping courts distinguish one offender from another. As the Supreme Court noted in *Kimbrough v. United States,* 552 U.S. at 109, the Sentencing Commission has a distinctive, institutional role of basing its determinations on empirical data and national experience; an enhancement expressly designed to "ensure punishment at or near the maximum penalty" for only "the most egregious conduct" cannot be imposed on a defendant who did not commit the egregious conduct described by Congress.

No enhancement can be justified unless it "reflect[s] a rough approximation of sentences that might achieve [18 U.S.C.] §3553(a)'s objectives" or differentiates one offender from another. The Commission provides no empirical data or national experience justifying this double-counting for those convicted under 18 U.S.C. §111(b), let alone §111(a). When that enhancement is applied without the factual predicate required by the Commission – conduct that violates §111(b) – the enhancement is left without any justification whatsoever. In cases like this one, a policy-based variance from such a guideline is not subject to "closer review" and is "not suspect." See *Kimbrough,* 552 U.S. at 109, *Spears v. United States,* 555 U.S. 261 at 264 (2009), *Rita v. United States,* 551 U.S. 338 at 348 (2007).

**Guideline Calclulation**

Count One – Failure to Depart 8 U.S.C. §1253(a)(1)(c)
Base Offense Level
  USSG §2L1.2(a)         8
Removal Order Enhancement
  USSG §2L1.2(b)(2)(C)      <u>+6</u>
Total               14

Count Two – Assaulting a Federal Officer 18 U.S.C. §111(a)
Base Offense Level        <u>14</u>
Total               14

Multiple Count Adjustment

| Count | Offense Level | Units |
|---|---|---|
| Count 1 | Level 14 | 0 |
| Count 2 | Level 14 | 1 |
| Increase in Offense Level from §3D1.4 | | 0 |

Criminal History Category V

Guideline Range at Criminal History Category V  33 – 41 months

**Sentencing Factors under 18 U.S.C. §3553(a)**

   This Court has already examined Mr. Taoufik's case and considered the two most important questions involved in any sentencing – what is the proper Guideline Range, and how much prison time is enough, but not too much, to meet the aims of 18 U.S.C. §3553(a). When the Guideline Range was 120-150 months due to enhancements for use of a weapon (4 levels), bodily injury (3 levels) and an official victim (6 levels), the Court found that a substantial variance was appropriate and imposed a sentence of 60 months. We ask that the Court consider far less now.

   The nature and circumstances of Mr. Taoufik's offense are clear – Mr. Taoufik was convicted by a jury for Failing to Depart and Assaulting a Federal Officer. Likewise, Mr. Taoufik's history and characteristics are also clear – he was born in Morocco in 1978 and grew up suffering terrible abuse at home, at school and elsewhere, including a violent rape at a bathhouse.

He won the opportunity to immigrate to the United States through the Diversity Visa Lottery Program when he was 21, and he has since led a life with tremendous personal and legal difficulties, including mental health challenges, a life-threatening disease, and stints in jail. He has also experienced real personal growth and given valuable service to others; the Court received three letters before the first sentencing hearing from friends and religious leaders who attested to his good character in better circumstances.

At the time of the offense, Mr. Taoufik, facing deportation, was fearful for his safety in Morocco due in part to his medical condition and his Christian faith, and despite his fears and his Post-Traumatic Stress Disorder he complied with every request during the days leading up to his flight out of Dulles Airport. He had already served 11 months in ICE custody, time that is not counted in this Court's sentence. He was even able to have a conversation with the pilot while boarding the airplane, a conversation that led the pilot to ask the ICE officers to remove the shackles. It wasn't until he was in the back of the airplane, sitting in his seat, cuffed and shackled, that ICE officers applied painful pressure points to him and he reacted poorly. His reactions, and indeed the impact of his conduct, must be viewed in the context of his history of violent trauma and PTSD, the restraints on his hands, feet and movement, and the absence of any injury to the officers.

Now that the case is back before the Court following appeal of the first enhancement, the Court must once again determine the proper Guideline Range and how much prison time is enough, but not too much, to meet the aims of 18 U.S.C. §3553(a). The government suggests that both of the other enhancements are still appropriate, despite having the Fourth Circuit hold that there is no factual basis for either of them, resulting in a guideline range of 84–96 months and their suggestion that the Court should still impose the same 60-month sentence.

We argue that neither of the remaining enhancements should apply now that the Court of Appeals has held that there is no factual basis on the record for either of them, resulting in a guideline range of 33–41 months. We suggest that the Court should consider time served.

Time served is a fair sentence even with the "official victim" enhancement. We object to imposing this enhancement, but with those additional six levels the guideline range is 63–78 months, requiring a variance of only 40% to get Mr. Taoufik to time served. Given the Court's previous 50% variance based on the nature and circumstances of the offense and the history and characteristics of the Defendant, time served is appropriate.

It is the last part of §3553(a)(2) – the need to provide Mr. Taoufik with needed educational or vocational training, medical care or other correctional treatment – that should cause the Court the most concern. Despite his best efforts, Mr. Taoufik's health has deteriorated in the 21 months since he last appeared in the Eastern District of Virginia; this hearing was itself delayed by more than a month when he was too ill to be transported. And the COVID crisis has eliminated any educational or vocational training or other correctional treatment within the Bureau of Prisons while exposing him to an incredibly high risk of death from COVID because of his medical condition and his inability to practice the social distancing and hygiene measures needed to stay safe in a prison environment. Again, we respectfully argue that time served is appropriate.

**In Conclusion**

A sentence of time served for both counts would serve all of the aims of 18 U.S.C. §3553(a). Mr. Taoufik has been in custody on this charge for more than 32 months (the equivalent of a 38-month sentence), following an 11 month wait in ICE custody. He also faces an undetermined wait in ICE custody before deportation. We respectfully believe that this is more

than enough time to reflect the seriousness of the offense, promote respect for the law and provide just punishment while affording adequate deterrence for Mr. Taoufik and others and protecting the public from further crimes.

In addition, the risks and restrictions posed by COVID have eliminated any educational or vocational training, medical care or other correctional treatment that the Bureau of Prisons might otherwise provide, and Mr. Taoufik's own medical condition puts him at a significantly heightened risk of death in an environment where social distancing and proper public health hygiene practices are impossible.

Respectfully Submitted,

_____/S/_____
Gregory T. Hunter
Virginia State Bar Number 45489
Attorney for the Defendant
2055 North 15th Street
Suite 302
Arlington, Virginia 22201
(703) 527-0808 telephone
(703) 527-0810 facsimile
greghunter@mail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of October, 2020, an exact copy of the foregoing Position of the Defense with Respect to Sentencing Factors was filed with the Clerk of the Court using the CM/ECF system, causing a Notice of Electronic Filing to be served upon:

Grace L. Hill, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 telephone
(703) 299-3980 facsimile
Grace.Hill@usdoj.gov

Copies of this document have been forwarded to the following non-filing users:
By electronic mail:
    Jennifer D. Lyerly
    United States Probation Officer
    United States Probation Office for the Eastern District of Virginia
    10500 Battleview Parkway
    Suite 100
    Manassas, Virginia 20109
    (703) 366-2139 telephone
    Tracey_White@vaep.uscourts.gov

By personal service:
    Zakaria Taoufik
    Defendant
    Alexandria Adult Detention Center

                                          _____/S/_____
                                          Gregory T. Hunter
                                          Virginia State Bar Number 45489
                                          Attorney for the Defendant
                                          2055 North 15th Street
                                          Suite 302
                                          Arlington, Virginia 22201
                                          (703) 527-0808 telephone
                                          (703) 527-0810 facsimile
                                          greghunter@mail.com